UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALDO CASTRO−LEYVA, | Case No. 2:26-cv-02125-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al., | |
| Respondents. | |

## I.    ORDER

Petitioner Aldo Castro-Leyva is a Mexican citizen who has been detained by Respondents since July 10, 2025. Dkt. 6 ¶ 7. At an unrecorded bond hearing before an immigration judge ("IJ") on December 31, 2025, petitioner was denied bond for two reasons: First, the IJ found that he had no jurisdiction to release Petitioner because detention was mandatory under § 1225(b)(2)(A) of the Immigration and Nationality Act. Dkt. 7, Ex. 3 at 2. Second, the IJ found that even if he had jurisdiction, Petitioner had failed to show he was not a flight risk. *Id*. The IJ denied bond by checking boxes on a standard form that lacked any further information or reasoning. *Id*.

The first basis for the IJ's denial of bond was recently rejected by the Ninth Circuit, which affirmed this Court's decision in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

(W.D. Wash. 2025). *See Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026). The Ninth Circuit held that noncitizens such as Petitioner "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id*. at *3. Consequently, the IJ's first basis for denying bond—that he lacked jurisdiction—has been repudiated by the Ninth Circuit.

The IJ's second rationale for denying bond—that Petitioner is a flight risk—is impossible for the Court to review due to the order's complete absence of reasoning and the lack of recording or any other evidence of the basis for the IJ's decision. While Petitioner could have appealed the bond denial to the Board of Immigration Appeals (BIA), at the time of the IJ's decision that administrative remedy would have proved futile, as the BIA adhered to its decision in *Matter of Hurtado* and declined to review alternative findings. *See Lei v. Bostock*, No. 2:26-cv-01664-TMC, 2026 WL 1745806, at *3 (W.D. Wash. June 17, 2026). Petitioner argues that the appropriate remedy under these circumstances is the immediate release of Petitioner. Dkt. 8 at 14. Respondents contend that the appropriate remedy instead "would be to remand for a new, recorded bond hearing before the Immigration Judge with instructions to make findings on the record. *See, e.g., Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011)." Dkt. 5 at 10.

The Court agrees with Respondents. Under longstanding Ninth Circuit immigration precedent, the failure to provide any reasoned explanation is an abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014). But here, the record is incomplete, and the Court cannot tell whether the IJ provided a reasoned explanation in the hearing itself. Under these circumstances—which were created by the IJ's practices of adhering to *Hurtado* despite the judgment in *Rodriguez Vazquez*, making conclusory alternative bond findings, and refusing to record their hearings—the Court concludes that Petitioner be granted a new bond hearing under § 1226(a).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

The Court thus concludes that (1) Petitioner is a Bond Denial Class member under *Rodriguez Vazquez* and has shown that his mandatory detention under § 1225(b) violates the Immigration and Nationality Act; and (2) due process requires that he be granted a new bond hearing under § 1226(a) which shall focus only on factors relevant to his eligibility for bond. In addition, at the new hearing, the IJ must create a contemporaneous record to allow effective review. If Petitioner is denied bond again, these two safeguards will enable him to meaningfully challenge the bond determination, whether by appeal to the BIA or (if there is a basis for excusing exhaustion) filing a subsequent habeas petition.

For the reasons explained above, the Court ORDERS as follows:

1.      The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.      Within seven days of receiving Petitioner Aldo Castro-Leyva's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.      Respondents must create a contemporaneous record of any subsequent bond hearing for Petitioner.

4.      If Petitioner is released, Respondents must return any personal property, including any personal identification document (other than a passport) and any employment authorization document.

5.      Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 6th day of August, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3